COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



SECOND ORDER OF CONTINUING ABATEMENT

Appellate case name:        Bartolo Cardenas Perez v. The State of Texas

Appellate case number:   01-14-00061-CR

Trial court case number:  1846057

Trial court:                       County Criminal Court at Law No. 13 of Harris County

This case was abated and remanded to the trial court for a hearing and findings regarding the reporter's record filed in this Court on November 9, 2015. On April 11, 2016, appellant's counsel notified the Clerk of this Court that additional time was needed "to conclude the matter." The trial court clerk has filed supplemental clerk's records that include, among other documents, the trial court's April 15, 2016 order denying the "State's Motion to Have the Honorable Don Smyth Preside over the Abatement Hearing" and an "Affidavit of Judge Don Smyth."[1] However, the Clerk of this Court has not received a supplemental clerk's record containing findings, recommendations, or orders regarding the court reporter's record filed on November 9, 2015, or a reporter's record or supplemental reporter's record as directed in this Court's orders issued on March 22 and June 16, 2016.

Accordingly, we continue the abatement of this appeal and remand to the trial court to immediately conduct any additional hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Sarah V. Wood, shall be present. Appellant also shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing.[2] As set out in the March 22 and June 16, 2016 abatement orders, the trial court is directed to:

---

1    Documents filed in this Court reflect that the Honorable Sherman Ross presided over an April 7, 2016 abatement hearing.

2    If appellant is now incarcerated, he may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

1) determine whether any portions of the December 18, 2013 hearing have been inaccurately recorded in the reporter's record filed in this Court and whether the court reporter is able to prepare, certify, and file a transcription of those portions in a supplemental reporter's record to be filed in this appeal;

2) determine whether any portion of the recording of the December 18, 2013 hearing is lost, destroyed, or inaudible;

3) if any portions of the recording are lost, destroyed, or inaudible, determine whether those portions are necessary to the appeal's resolution and whether the parties can replace those portions by agreement;

4) determine whether the exhibits from the December 18, 2013 hearing are lost or destroyed.

   a) if any of the exhibits are lost or destroyed, determine whether those exhibits are necessary to the appeal's resolution;
   b) determine whether any lost or destroyed exhibits can be replaced by agreement of the parties, and if the exhibits cannot be replaced by agreement, determine whether those exhibits can be replaced by copies determined by the trial court to accurately duplicate with reasonable certainty the exhibits from the December 13, 2013 hearing;

5) make any other findings and recommendations the trial court deems appropriate; and

6) issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

If any portion of the trial proceedings has been inaccurately recorded in the reporter's record on file with this Court but can be prepared, certified, and filed by the court reporter, the court reporter shall prepare, certify, and file a supplemental reporter's record containing the missing or inaccurate portions of the trial proceedings no later than 30 days from the date of this order. If any of the exhibits are able to be located or have been lost or destroyed but can be replaced by agreement of the parties or the trial court, the court reporter shall file a supplemental exhibit volume to the reporter's record containing the located or replaced exhibits no later than 30 days from the date of this order.

The trial court shall have a court reporter, or court recorder, record any hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearings within 30 days of the date of this order.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Russell Lloyd</u>
☑ Acting individually

Date: August 16, 2016